IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-19-364-G |
| ) | |
| ROLANDO CIFUENTES-LOPEZ, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OBJECTION TO GOVERNMENT'S REQUEST FOR RESTITUTION
PURSUANT TO *PAROLINE v. UNITED STATES* AND
*UNITED STATES v. ANTHONY***

*Comes now* Rolando Cifuentes-Lopez, by and through counsel, Robert S. Jackson, and objects to the Government's Motion for Restitution. Doc. 38. The Government is requesting total restitution of $3,071,700 ($1,437,900 for Doe 1 and $1,579,800 for Doe 2). *Id*. at 12. The Government further requests this amount be jointly and severally imposed as to all defendants in the related cases. However, the law requires Mr. Cifuentes only be assessed restitution for losses actually resulting from his offenses of conviction. *See Paroline v. United States*, 572 U.S. 434 (2014), and *United States v. Anthony*, 942 F.3d 955 (10th Cir. 2019).

**Background**

Mr. Cifuentes was initially charged via Criminal Complaint on November 22, 2019, with Child Sex Trafficking under 18 U.S.C. § 1591(a)(1), (b)(2), and (c). Doc. 1. On

1

December 12, 2019, Mr. Cifuentes was arraigned pursuant an Indictment charging two counts of Child Sex Trafficking under 18 U.S.C. § 1591(a)(1), (b)(2), and (c). Doc. 13. Count 1 pertains to Doe 1, and Count 2 pertains to Doe 2. *Id*. On March 9, 2020, Mr. Cifuentes entered pleas of guilty to both Counts of the Indictment, without a plea agreement. Docs. 29, 30. Mr. Cifuentes currently awaits sentencing.

**1. Restitution is Limited to Losses Actually Caused by Mr. Cifuentes's Conduct.**

The Government relies on the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1593, (TVPRA) and the Mandatary Victim's Restitution Act, 18 U.S.C. § 3663A (MVRA) as the basis for it request. Doc. 38 at 3. Both provisions only permit restitution for losses actually resulting from Mr. Cifuentes's conduct, yet the Government requests a joint and several restitution order holding him accountable for losses caused by the other defendants in the related cases. *Id*. at 7-10.

In *Paroline v. United States*, the Supreme Court decided, in the context of a child pornography prosecution, that the mandatory Restitution for Sexual Exploitation of Children Act (MRSECA), 18 USC § 2259, limited restitution to losses either actually or proximately caused by the defendant's crime of conviction. 572 U.S. 434, 458. The Supreme Court found that restitution was not limited to loses for which the defendant was the but-for cause. *Id*. However, a proximate cause standard does not open a defendant up to unlimited liability for harms caused by others. The Supreme Court explained how a proximate cause standard could still comport with a defendant's relative role in the offense:

> [A] court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe in a case like this, given the nature of the causal connection between the conduct of a possessor like Paroline and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders. It would not, however, be a token or nominal amount. The required restitution would be a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role.

*Id*. at 458-59. The Supreme Court further explained that holding a defendant only responsible for losses which he directly or proximately caused promotes statutory purposes:

> The Court is required to define a causal standard that effects the statute's purposes, not to apply tort-law concepts in a mechanical way in the criminal restitution context. ***Even if the victim's losses are fully "indivisible" in this sense (which is debatable), treating Paroline as a proximate cause of all the victim's losses—especially in the absence of a workable system of contribution—stretches the fiction of aggregate causation to its breaking point.*** Treating him as a cause of a smaller amount of the victim's general losses, taking account of his role in the overall causal process behind those losses, effects the statute's purposes; avoids the nonsensical result of turning away victims emptyhanded; and does so without sacrificing the need for proportionality in sentencing.

*Id*. at 461 (emphasis added). The Supreme Court noted that *Paroline's* holding was limited to the special context of the possession of child pornography, which admittedly Mr. Cifuentes's case is not. However, the Tenth Circuit, subsequent to *Paroline*, has determined what causal nexus is required to assess restitution in a child sex trafficking case.

In *United States v. Anthony*, 942 F.3d 955 (10th Cir. 2019), the circuit court addressed what causation requirement the TVPRA required for an child sex trafficking offense under 18 U.S.C. § 1591, the same offense of conviction at issue here. Relying and expanding upon

3

*Paroline*, *Anthony* first found that restitution for offenses covered by the TVPRA is not limited to traditional but-for causation. 942 F.3d at 965-66. The TVPRA borrows its definition for the victim's losses from the MRSECA, which defines the same as *proximately* resulting from the defendant's offenses. *Id*. at 965 (citing 18 U.S.C. § 2259(c)(2)). This was the same provision *Paroline* had found to impose a proximate cause limitation on restitution. *Id*. *Anthony* observed that with child sex trafficking it would likely be easier for the Government to show which of a victim's losses were attributable to the trafficker's conduct. *Id*. at 966. However, *Anthony* made clear that the district court could not order restitution for harms that the defendant did not cause. *Id*. at 968. It is the Government's burden to establish what losses an individual defendant caused. *Id*. Here, the Court must decide which of the victims' losses were either directly or proximately caused by Mr. Cifuentes, as opposed to by other defendants.

    **2.    The Government Improperly Seeks to Hold Mr. Cifuentes Responsible for Losses Caused by Others.**

First, the Government adopts a theory of facts to support its position which is not consistent with reality. The Government attempts to place Mr. Cifuentes on even footing with Defendant Natalie Halbert by describing him as "perform[ing] the supply side of the transaction," and as "orchestrat[ing] and execut[ing] the commercial sex business on the supply side."[1] Doc. 38 at 3, 9. These facts have been disputed by Mr. Cifuentes in his

---

[1] Ostensibly as a fall-back position and inconsistent with its prior assertions, the Government also casts Mr. Cifuentes as being on the "demand side" of the trafficking. *See* Doc. 38 at 3, 9.

objections to the PSR. Mr. Cifuentes's role in the trafficking must be resolved by the Court to the extent the disputed facts will impact the Court's sentencing and restitution determinations.

Second, the Government seeks to hold all defendants, including Mr. Cifuentes, jointly and severally responsible for the same amount of restitution. The Government's position is contrary to *Anthony* and *Paroline*. Doc. 38 at 8. The Government must prove which of the victims' losses were caused by Mr. Cifuentes. *See* 18 U.S.C. § 3664(e). The Government asserts multiple reasons for a joint and several restitution order: the defendants "were all convicted of the same offenses against Does 1 and 2;" the "defendants acted in concert;" and the defendants' conduct was "not incremental or additive – it is the primary or sole cause of the specific trauma suffered by Does 1 and 2$^2$." *Id*. at 7, 9, 13. Despite the Government's assertions, Mr. Cifuentes's conduct was different than the other defendants in the related cases. Restitution must be limited to losses caused by him – whether directly or proximately.

While it is not Mr. Cifuentes's burden to disprove the restitution amounts sought by the Government, he provides the following as examples of losses not caused by him for which the Government is seeking restitution. First, the Government is seeking 1.2 million dollars in restitution ($600,000 for each victim) for lost wages "based on the disparity

---

$^2$ This last rationale seems a product of Dr. Missar's assertion that each trafficking incident was "equally traumatic" such that each defendant's conduct was not "lessened by Doe 1's prior experiences." Doc. 39, ECF page number 18. As the Government points out Dr. Missar was an expert in *In re Sealed Case*, 702 F.3d 59 (D.C. 2012), where a restitution order was based upon similar reasoning. Doc. 38 at 11. However *In re Sealed Case* was decided prior to *Paroline*, and the Tenth Circuit found it "inapposite" in *United States v. Anthony*. *See* 942 F.3d at 969.

between females with and without high school diplomas." Doc. 38 at 11. Mr. Cifuentes did not cause or otherwise allow Does 1 and 2 to stop attending school. Their mother, Defendant Halbert, should rightfully be held responsible for losses resulting from the children's lack of education. Further, it is understood Doe 1 ceased attending school in the 7th grade, which was before Mr. Cifuentes came in contact with her, and, per Dr. Missar's report, Doe 2 is presently attending high school. It is respectfully hoped Doe 2 graduates; given the possibility of graduation, Dr. Missar's tethering a lack of high school diploma to the loss of income figure ($600,000) for Doe 2 is inappropriate. Also with respect to education, the Government seeks $20,000 for tutoring ($10,000 as to each victim). Again, it wasn't Mr. Cifuentes who caused Does 1 and 2 not to go to school or otherwise become uneducated, this loss was caused by the children's parent, Defendant Halbert.

Second, Restitution is sought for counseling, therapy, and treatment needed to address the numerous and significant traumas endured by Does 1 and 2. *See, e.g.*, Doc. 39 at 18. Mr. Cifuentes doesn't dispute such services are needed. However, he does dispute what portion of the same is attributable to him. Mr. Cifuentes accepts responsibility for his conduct, and regrets his actions. Yet, at the same time, should Mr. Cifuentes be held equally responsible as the other defendants? For example, Mr. Cifuentes did not inflict near the same traumas/losses on Does 1 and 2 as Defendants Halbert and Gramajo did. The Court must determine what losses were caused by Mr. Cifuentes, and then calculate restitution accordingly. In light of *Anthony*, Mr. Cifuentes merely requests that his restitution be limited

to "actual losses" resulting from his conduct. 942 F.3d at 970.

## Conclusion

Defendant Rolando Cifuentes respectfully objects to the Government's Motion for Restitution (Doc. 38), and further requests the Court limit restitution to losses directly or proximately caused by him.

Respectfully submitted,

*s/Robert S. Jackson*
Robert S. Jackson, OBA #22189
925 NW 6th ST.
Oklahoma City, OK 73106
Telephone: 405-232-3450
Facsimile: 405-232-3464
bob@bobjacksonlaw.com

COUNSEL FOR ROLANDO CIFUENTES-LOPEZ

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

All counsel of record, including:

K. McKenzie Anderson, AUSA

*s/Robert S. Jackson*
Robert Jackson