UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   CR-19-364-G |
| ) | |
| ROLANDO CIFUENTES-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On April 16, 2021, this matter came before the Court for sentencing, including consideration of objections filed by Defendant Rolando Cifuentes-Lopez and by the United States to the Final Presentence Investigation Report ("PSR," July 1, 2020 (Doc. No. 35)). *See* PSR Add. (Doc. No. 35, at 23-26); Doc. No. 66.  The Court also considered the Sentencing Memorandum and Supplement (Doc. Nos. 44, 49) filed by Defendant, the Response (Doc. No. 45) filed by the Government, and exhibits submitted by both parties.

Defendant appeared at the sentencing hearing personally and through his attorney, Robert Jackson.  The Government appeared through Assistant U.S. Attorneys K. McKenzie Anderson and Mary Walters.

The Court issued oral rulings on the parties' objections and other matters at the sentencing hearing.  This written order shall supplement the Court's oral rulings.

I.   *Undue Influence Enhancement*

On March 9, 2020, the Court accepted Defendant's plea of guilty on two counts of child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c) between dates

in or around November 2016 and January 18, 2019 (Count 1) and between in and around March 2018 and January 18, 2019 (Count 2).  *See* Ct. Minute (Doc. No. 29); Indictment (Doc. No. 13).  The applicable starting guideline is *United States Sentencing Commission Guidelines Manual* ("USSG") § 2G1.3.  *See* USSG § 2G1.3(a)(2); *see also* PSR ¶¶ 28, 35.

The Government objects to the PSR's omission of an undue influence enhancement under USSG § 2G1.3(b)(2)(B).  *See* PSR Add. at 23-24; Gov't's Sent'g Resp. at 9-12. This provision adds two points to the base offense level when "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct."  USSG § 2G1.3(b)(2)(B).  In determining whether § 2G1.3(b)(2)(B) applies, "the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior."  *Id.* cmt. n.3(B).

There is "a rebuttable presumption" that USSG § 2G1.3(b)(2)(B) applies when a participant is at least 10 years older than the minor.  *Id.* ("In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.").  It is undisputed here that Defendant is at least 20 years older than both minor victims.  This age difference "shifts the burden of producing evidence to rebut the presumption" to Defendant.  *United States v. Castellon*, 213 F. App'x 732, 737 (10th Cir. 2007).  "However, even if a defendant's burden of production is met, the presumption remains a factor for consideration by the sentencing court."  *Id.* (alteration and internal quotation marks omitted).  The Government still "bears the ultimate burden of proving that the sentencing enhancement is warranted."  *Id.*

The Court finds that Defendant has failed to rebut the presumption of his undue

influence over Jane Doe 1 and Jane Doe 2. Specifically, the Court recognizes the control exercised by Defendant over the victims' family's living conditions, which was not just that of a landlord but that of someone aware of and preying on the poverty of the family, as well as both victims' knowledge of that control. *See, e.g.*, Gov't's Ex. 2 (Doc. No. 46-1) at 2-3; Gov't's Ex. 3 (Doc. No. 46-2) at 9-10; Gov't's Ex. 8 (Doc. No. 46-7); Gov't's Ex. 9 (Doc. No. 46-8) at 9. Considering this known exercise of control along with the age disparity at issue, the Court finds that the voluntariness of Jane Doe 1 and Jane Doe 2 to engage in commercial sex acts was compromised. *See United States v. Hornbuckle*, 784 F.3d 549, 554-57 (9th Cir. 2015) (upholding enhancement where the homeless victims were subjected to abuse and depended upon the defendants for food, clothing, money, and housing); *United States v. Harrison*, 535 F. App'x 829, 830 (11th Cir. 2013) ("In determining whether the defendant's conduct rebutted the presumption, we may look to a variety of factors, including whether the conduct displays an abuse of superior knowledge, influence and resources." (alteration and internal quotation marks omitted)).

Because Defendant has not rebutted the presumption of undue influence, the Government's objection is granted. The two-level increase in USSG § 2G1.3(b)(2)(B) shall apply as to each Count.

## II. Aggravating Role Enhancement

The PSR reflects that zero points were added for Defendant's role in the offense. *See* PSR ¶¶ 32, 39. The Government objects that a four-level aggravating role enhancement should be added due to Defendant being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG §

3B1.1(a); *see* PSR Addendum at 24; Gov't's Sent'g Resp. at 12-13.

To establish the applicability of § 3B1.1(a), the Government must prove by a preponderance of the evidence "facts establishing that [Defendant] was an organizer or leader." *United States v. Spears*, 197 F.3d 465, 468-69 (10th Cir. 1999). A district court's finding of "a defendant's status as an organizer or leader" "involves a sophisticated factual determination." *United States v. Wardell*, 591 F.3d 1279, 1304 (10th Cir. 2009).

> Functioning as a leader requires an element of control over underlings, particularly in the form of recruitment and direction. To qualify as an organizer, however, no control is necessary. Instead, a defendant may be deemed an organizer under § 3B1.1 for "devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy even though the defendant may not have any hierarchical control over the other participants." [*United States v. Valdez-Arieta*, 127 F.3d 1267, 1272 (10th Cir. 1997)]; *see also* [*United States v. Tejada-Beltran*, 50 F.3d 105, 112 (1st Cir. 1995)] ("The key to determining whether a defendant qualifies as an organizer is not direct control but relative responsibility.").

*Id.* (citations omitted). "The gravamen of the enhancement is either the exercise of control over other participants or the organization of others for the purpose of carrying out the crime." *United States v. Tagore*, 158 F.3d 1124, 1131 (10th Cir. 1998).

The Government has not shown by a preponderance of the evidence that Defendant led or otherwise organized the sex trafficking of Jane Doe 1 or Jane Doe 2. There is no evidence that Defendant exercised decision-making authority as to whether or how either of those victims engaged in commercial sex, that he recruited accomplices in the trafficking of the victims, or that he recruited participants insofar as sending men to the trailer house for the express purpose of having sex with the victims. Nor is there evidence that Defendant helped plan the commercial sex operation being run by the victims' mother or

4

obtained a larger share of any proceeds of that operation. *See* USSG § 3B1.1 cmt. n.4; *Spears*, 197 F.3d at 469.

Accordingly, the Court concurs with the PSR, denies the Government's objection, and concludes that the aggravating role enhancement is inapplicable. *Cf. Wardell*, 591 F.3d at 1304-06 (upholding application of enhancement where the district court had found that the defendant who had "devis[ed] the criminal scheme and coordinat[ed] its objective" was an organizer under USSG § 3B1.1(c)).

### III.   *Enhancement for Pattern of Activity Involving Prohibited Sexual Conduct*

The PSR finds that a five-level increase to the total offense level applies pursuant to USSG § 4B1.5(b)(1), which provides in relevant part:

> (b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
>
> > (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three.

USSG § 4B1.5(b)(1); *see* PSR ¶ 46.

Defendant argues that he only engaged in sex with each minor one time and that § 4B1.5(b)(1) therefore should not be applied "because prohibited sexual conduct did not occur with each minor on multiple occasions." PSR Addendum at 25. Even accepting— in agreement with Defendant's representation—that Defendant had commercial sex with each of Jane Doe 1 and Jane Doe 2 one time, and ignoring the potential applicability of the enhancement based upon Defendant's other conduct that may constitute trafficking, this objection is meritless. A defendant is considered to have engaged "in a pattern of activity

involving prohibited sexual conduct" if "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." USSG § 4B1.5 cmt. n.4(B)(i). By having commercial sex with both Jane Doe 1 and Jane Doe 2, Defendant engaged in a pattern of prohibited conduct. The Guideline does not state that a defendant must engage in prohibited sexual conduct with *the same minor* at least twice. *See, e.g.*, *United States v. Oakie*, No. 20-1118, __F.3d__, 2021 WL 1342920, at *1-2 (8th Cir. Apr. 12, 2021) (affirming application of § 4B1.5(b)(1) enhancement where the defendant had molested one girl one time and later molested a different girl one time).

Next, Defendant argues that applying an enhancement under § 4B1.5(b)(1) "along with the +2 level for multiple counts/multiple victims per USSG § 3D1.4 (Paragraph 42) constitutes impermissible double counting." PSR Addendum at 25; *see* PSR ¶¶ 42-45; *see also* USSG §§ 2G1.3(d)(1), 3D1.4.

> Double counting "'occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes.'" [*United States v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997)] (citation omitted). All three criteria must be satisfied to constitute double counting. *See United States v. Rucker*, 178 F.3d 1369, 1371 (10th Cir.), *cert. denied*, 528 U.S. 957, 120 S. Ct. 386, 145 L.Ed.2d 301 (1999). Moreover, a court may apply separate enhancements to reach distinct aspects of the same conduct. *See Fisher*, 132 F.3d at 1329; *see also Rucker*, 178 F.3d at 1372 ("[T]he enhancements serve different purposes if only because they punish activities that are, while related, not indistinct."). That is, the court may punish the same act using cumulative sentencing guidelines if the enhancements bear on "conceptually separate notions relating to sentencing." *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997). Recently, this court, following the reasoning of the Ninth Circuit, held that such cumulative sentencing is permissible when the separate enhancements aim at different harms emanating from the same conduct. *See Rucker*, 178 F.3d at 1373. Put another way, the guidelines' enhancements are tailored to the various harms that may attend a single criminal act.

*United States v. Reyes Pena*, 216 F.3d 1204, 1209-10 (10th Cir. 2000).

Defendant argues that both the § 3D1.4 multiple-count offense-level determination and the § 4B1.5(b)(1) "pattern of activity" enhancement are penalizing the same aspect of his offense—i.e., the fact that there are multiple victims. *See* PSR Addendum at 25; Def.'s Sent'g Mem. at 3-6. The Court disagrees. First, § 4B1.5(b)(1) expressly states that if the provision applies, the resulting offense level "shall be **5** *plus* the offense level determined under Chapters Two and Three." USSG § 4B1.5(b)(1) (emphasis added). "Thus, the guidelines intend the cumulative application of" such enhancements. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014) (internal quotation marks omitted) (discussing a Chapter Two enhancement and § 4B1.5(b)(1)); *accord United States v. Van Loh*, 417 F.3d 710, 714-15 (7th Cir. 2005) ("[T]he process for determining a base offense level under Chapters Two and Three . . . is unrelated to the process for calculating an enhancement under Chapter Four.").

Second, these enhancements are directed to different purposes and aimed at different harms. *Compare* USSG Ch. 3, Part D intro. cmt. ("The rules in this Part seek to provide incremental punishment for significant additional criminal conduct."), *with id.* § 4B1.5 cmt. n.5 bkgd. (noting that the provision applies to offenders "who present a continuing danger to the public" and is derived from a congressional directive "to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors"). The fact that those harms may emanate from the same conduct does not result in impermissible double counting. *See Reyes Pena*, 216 F.3d at 1210; *see also Dowell*, 771 F.3d at 171; *United States v. Seibert*, 971 F.3d 396, 400-01 (3d

7

Cir. 2020); *United States v. Blackburn*, No. CR-14-0129, 2016 WL 10179361, at *1-2 (D.N.M. Sept. 14, 2016).

Accordingly, the Court overrules and denies Defendant's objection and endorses the PSR's application of both USSG §§ 3D1.4 and 4B1.5(b)(1).

IV.    *Additional Factual Objections Not Previously Addressed*

In resolving the matters set forth above, the Court has made express factual findings. Any objections by Defendant disputing facts underlying the Court's conclusions set forth above are denied to the extent the objection disagrees with an express finding or conclusion of the Court.   The Court will address the remaining factual objections made by Defendant, resolving any such disputes to the extent required by Federal Rule of Criminal Procedure 32(i)(3):

- Defendant has withdrawn his objections to Paragraphs 12, 14, and 16 of the PSR, and the Court therefore finds that no ruling is necessary.
- Paragraph 21 of the PSR states that during their investigation, agents learned that the victims' mother first began engaging in prostitution at the suggestion of Defendant.  *See* PSR ¶ 21.  Defendant denies this and contends that the victims' mother engaged in prostitution prior to moving to Defendant's trailer park.  *See* PSR Addendum at 25.  The Court accepts, as reported elsewhere in the PSR, that "later information indicates [the victims' mother] had engaged in prostitution prior to" "moving to the trailers."   PSR at p. 8, n.1.   Therefore, no ruling on this objection is necessary because the narrow matter remaining—what agents learned in a particular interview—will not affect sentencing and the Court

will not consider the matter in determining the sentence.

- Paragraph 21 of the PSR states that investigators learned that Defendant began sending the victims' mother additional commercial-sex customers, that Defendant would reduce the victims' mother's rent if she had sex with the men Defendant sent her, and that Defendant threatened to evict the mother and her children if the mother did not have sex with those men. *See* PSR ¶ 21. Defendant denies sending the mother additional customers. *See* PSR Addendum at 25. The Court overrules and denies this objection and finds by a preponderance of the evidence that:
    - o Defendant knew that Jane Doe 1, Jane Doe 2, and their mother were all engaging in commercial sex acts in the trailer house rented to them by Defendant;
    - o Defendant engaged in commercial sex with the victims' mother on multiple occasions and engaged in commercial sex with Jane Doe 1 and Jane Doe 2 one time each; and
    - o Defendant reduced the rent paid by the victims' mother for the trailer house in exchange for her having sex with him and other men.
    - o While the Government has established that Defendant sent men to the trailer house for the purpose of having sex with the victims' mother, and threatened to evict the family if the mother did not have sex with those men, there is not a preponderance of evidence showing that Defendant sent men to the trailer house for the express purpose of having sex with

9

Jane Doe 1 or Jane Doe 2.

## CONCLUSION

As outlined herein and at the hearing of April 16, 2021, the Court sustains in part and overrules in part the Government's objections to the Presentence Report. The Court overrules in part and determines that a ruling is unnecessary in part as to Defendant's objections to the Presentence Report. The U.S. Probation Officer assigned to this case shall ensure that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 19th day of April, 2021.

_____
CHARLES B. GOODWIN
United States District Judge