## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-364-G |
| | ) | |
| ROLANDO CIFUENTES-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On April 19, 2021, the Court entered judgment upon the guilty plea of Defendant Rolando Cifuentes-Lopez to two counts of Child Sex Trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), 1594(a), 2. *See* J. (Doc. No. 54). The Government filed a Motion for Restitution (Doc. No. 38). Defendant has responded (Doc. No. 40), and the Government has filed a Reply (Doc. No. 41).

On June 9, 2021, the Court granted the Government's unopposed request to stay its decision on the Motion and to continue the hearing pending a decision by the Tenth Circuit Court of Appeals in *United States v. Anthony*, No. 21-6015 (10th Cir. filed Feb. 4, 2021). *See* Order of June 9, 2021 (Doc. No. 67). The Court directed the Government to file a written status report advising the Court of any developments within seven days of the Tenth Circuit's issuance of a decision in *Anthony*. *See id.*

On January 18, 2022, the Government filed a Notice (Doc. No. 79) informing the Court that a published decision had been issued in *Anthony* and asking that restitution

proceedings resume in this matter.   *See United States v. Anthony*, 22 F.4th 943 (10th Cir. 2022).   The Tenth Circuit's Mandate in *Anthony* issued on February 3, 2022.

The Government previously represented that this appellate decision may provide additional guidance as to the Court's application of the statutory causation standard and the calculation of restitution in this matter.   Accordingly, the Court finds that the Government should file an amended motion for restitution, updating its request to consider the applicability of *Anthony* and to reflect any other changes that may be warranted. Defendant shall be permitted to respond to such amended motion prior to the Court hearing argument on the restitution request.

Further, in light of the current emergency conditions present due to the COVID-19 pandemic, the Court finds that the possibility of conducting the hearing on the Government's Motion via video teleconferencing should be considered.   *See* Gen. Order No. 20-9.1 (W.D. Okla. Mar. 31, 2020) (authorizing felony sentencings to be conducted via video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, "with the consent of the defendant after consultation with counsel" and upon specific findings by the presiding judge); Gen. Order No. 21-5.3 (W.D. Okla. Dec. 2, 2021) (extending the authorizations of General Order No. 20-9.1 for an additional 90 days).

ACCORDINGLY, THE COURT ORDERS AS FOLLOWS:

(1) Within 14 days of the date of this Order, the Government shall file an amended motion for restitution, as outlined above.   Defendant may respond to the amended motion within 14 days of the date of filing.

(2) Within 21 days of the date of this Order, Defendant's counsel shall consult with Defendant and shall notify the Court as to whether Defendant consents to the hearing on the Government's request for restitution being conducted via video teleconferencing pursuant to this Court's General Orders.

IT IS SO ORDERED this 14th day of February, 2022.

CHARLES B. GOODWIN
United States District Judge