# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-19-364-G |
| | ) |
| ROLANDO CIFUENTES-LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant Rolando Cifuentes-Lopez's pro se Motion for Reduction of Sentence (Doc. No. 115), seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG").[1] The United States Probation Office has submitted a Preliminary Report (Doc. No. 116) recommending that the Motion be denied.

*I.   Background*

On April 19, 2021, the Court sentenced Defendant after a guilty plea to two counts of child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c) and 18 U.S.C. § 2. At sentencing, the Court adopted in part the Final Presentence Investigation Report ("PSR," Doc. No. 35). *See* Statement of Reasons (Doc. No. 55); Order (Doc. No. 56).

The Court found that Defendant's criminal history category was I. *See* Statement of Reasons (Doc. No. 43) at 1. Based upon this criminal history category, together with a

---

[1] Following submission of the Motion, Assistant Federal Public Defender Laura Deskin was appointed to represent Defendant pursuant to General Order No. 23-6 (W.D. Okla. Nov. 1, 2023). *See* Doc. No. 117.

total offense level of 38, the Guidelines range was 235 to 293 months' imprisonment. *See id.*; USSG ch. 5, pt. A. Defendant was sentenced to 292 months' imprisonment on each count, to run concurrently. *See* J. (Doc. No. 54); Am. J. (Doc. No. 120).

## II.    Standard of Review

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

## III.    Discussion

Defendant seeks "consideration" of Amendment 821 to the USSG upon his criminal sentence. *See* Def.'s Mot. at 1. Amendment 821 took effect on November 1, 2023, and

applies retroactively. *See* USSG § 1B1.10(d); USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited July 10, 2024).

The Amendment sets forth two potentially applicable provisions. Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense "while under any criminal justice sentence"—i.e., "status points." USSG § 4A1.1(e) (2023).

> Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a "defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

*United States v. Corral-Estrada*, No. 3:14-cr-00088, 2024 WL 1554203, at *2 (D. Nev. Apr. 9, 2024). Defendant was not determined to have committed the offense while under a criminal justice sentence and thus did not receive additional "status points." *See* PSR ¶¶ 55-56.

Part B, Subpart 1 of Amendment 821 ("Zero-Point Offenders") applies to defendants with zero criminal history points who meet ten specified criteria and works to reduce the guideline range for those defendants by two offense levels. *See* USSG § 4C1.1 (eff. Nov. 1, 2023). Defendant was assessed zero criminal history points. *See* PSR ¶ 56. The adjustment only applies, however, if the defendant meets "all" of the outlined criteria, which include a requirement that "the instant offense is not a sex offense." USSG §4C1.1(a)(5) (2023). "Sex offense" is defined to include "an offense, perpetrated against

3

a minor, under . . . 18 U.S.C. 1591." *Id.* § 4C1.1(b)(2). As noted, Defendant was convicted for child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c). *See* Am. J. at 1.

It follows that Part A does not apply to eliminate any criminal history points and that Part B, Subpart 1 does not apply to reduce the offense level. Because application of Amendment 821 "does not have the effect of lowering [Defendant's] applicable guideline range," "[a] reduction in [Defendant's] term of imprisonment is not consistent with [USSG § 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10(a)(2)(B); *accord* USPO Prelim. R. at 1-2. Defendant is not eligible for a sentence reduction under either provision of Amendment 821. *See id.*; 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826; *Corral-Estrada*, 2024 WL 1554203, at *2.

## CONCLUSION

Defendant's Motion for Reduction of Sentence (Doc. No. 115) therefore is DENIED.

Assistant Federal Public Defender Laura Deskin is hereby authorized to seek withdrawal from this case as contemplated by General Order No. 23-6.

IT IS SO ORDERED this 9th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge